| | |
|---|---|
| **SILVERMANACAMPORA LLP**<br>Counsel to Kenneth P. Silverman, Esq.,<br> the Chapter 7 Trustee<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>(516) 479-6300<br>Justin S. Krell<br>Nicholas J. Bebirian<br>Deborah Turofsky | Hearing Date:  June 2, 2022<br>Time: 10:00 am<br><br>Objections Due:  May 19, 2022<br>Time: 4:00pm |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>LIBERTY BRIDGE CAPITAL MANAGEMENT GP LLC, *et al.,*<br><br>                    Debtors. | Chapter 7<br><br>Case No.: 20-10009 (SCC)<br><br>(Substantively Consolidated) |

-------------------------------------------------------------------x

| | |
|---|---|
| KENNETH P. SILVERMAN, ESQ., CHAPTER 7 TRUSTEE OF LIBERTY BRIDGE CAPITAL MANAGEMENT GP, LLC, *et al*, [1]<br><br>                    Plaintiff,<br><br>     -against-<br><br>PLAINTIFF HOLDING V, LLC A/K/A LAWCASH  "JOHN DOES 1-50", "MARY DOES 1-50",  "ABC PARNTERSHIPS 1-50 AND/OR "XYZ CORPORATIONS 1-50" (the last four names being names unknown to Plaintiff, the parties intended to be any other parties who are transferors, transferees or beneficiaries of any of the conveyed assets described in the complaint, and who gave no, or less than fair, consideration for such assets),<br>                    Defendants. | <br><br><br><br><br><br>Adv. Pro. No. 21−01228 (SCC) |

-------------------------------------------------------------------x

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Liberty Bridge Capital Management GP, LLC (9236) (Case No. 20-10009); (ii) Cash4Cases, Inc. (8244) (Case No. 20-10010); (iii) Liberty Bridge Capital Management IM, LLC (2955)(Case No. 20-10011); (iv) Liberty Bridge Capital Management, L.P. (6434) (Case No. 20-10012); (v) Liberty Bridge Finco LLC (5215) (Case No. 20-10013); (vi) Liberty Bridge Settlement Clearing, LLC (8144)  (Case No. 20-10014); (vii) Diversified Pre-Settlement Portfolio I, a Series of Liberty Bridge Capital Management, L.P. (1925) (Case No. 20-10015); and (viii) Diversified Pre-Settlement Portfolio II, a Series of Liberty Bridge Capital Management, L.P. (1660) (Case No. 20-10016).

2798941v1 / 010001.756 / DTUROFSKY

**NOTICE OF MOTION
FOR AN ORDER UNDER FEDERAL
RULE OF BANKRUPTCY PROCEDURE 7055
(I) GRANTING PLAINTIFF'S MOTION FOR DEFAULT
AND (II) DIRECTING THE CLERK OF THE COURT TO ENTER
<u>DEFAULT JUDGMENT AGAINST DEFENDANT LAWCASH</u>**

**PLEASE TAKE NOTICE**, that upon the attached declaration of Justin S. Krell, a member of the firm of SilvermanAcampora LLP, executed on May 4, 2022 and the exhibits annexed thereto (the "<u>Motion</u>"), Kenneth P. Silverman, Esq., the chapter 7 trustee of the substantively consolidated bankruptcy estates of Liberty Bridge Capital Management GP, LLC, et al (the "<u>Debtors</u>"), and the plaintiff (the "<u>Plaintiff</u>") in the above referenced adversary proceeding (the "<u>Adversary Proceeding</u>"), will move before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, via Zoom for Government on **June 2, 2022 at 10:00am** (the "<u>Hearing</u>"), or as soon thereafter as counsel can be heard, for an order, pursuant to Rule 7055 of the Federal Rule of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), directing the entry of default judgment against defendant Plaintiff Holding V, LLC a/k/a LawCash ("<u>LawCash</u>"), and for such other and further relief this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that objections to the Motion, if any, must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefore; and (iv) be filed with this Court electronically in accordance with General Order 559 (General Order 559 and the User's Manual for the Electronic Filing Case System can be found at http://www.nyeb.uscourts.gov, the official website for this Court), by registered users of this Court's electronic case filing system, and by all other parties in interest, on a disk, in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format with

the Clerk of the Bankruptcy Court at the United States Bankruptcy Court for the Southern District of New York, located at 1 Bowling Green, New York, NY 10004, with a courtesy copy to the Chambers of the Honorable Shelley C. Chapman, United States Bankruptcy Judge at the United States Bankruptcy Court for the Southern District of New York, located 1 Bowling Green, New York, NY 10004, and be served upon Kenneth P. Silverman, Esq., Chapter 7 Trustee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Justin S. Krell, Esq., so as to be received no later than **May 19, 2022 at 4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned without further notice other than by announcement of such adjournment in open Court or by the filing of a notice of such adjournment on the docket sheet for the Debtors' case and/or the Adversary Proceeding.

Dated: Jericho, New York
May 4, 2022

                                          **SILVERMANACAMPORA LLP**
                                          Counsel to Plaintiff Kenneth P. Silverman, Esq.,
                                          as Chapter 7 Trustee

                                          By: *s/ Justin S. Krell*
                                                Justin S. Krell
                                                Member of the Firm
                                                100 Jericho Quadrangle, Suite 300
                                                Jericho, New York 11753
                                                (516) 479-6300

To:    Office of the United States Trustee
         Plaintiff Holding V, LLC a/k/a LawCash

| | |
|---|---|
| **SILVERMANACAMPORA LLP**<br>Counsel to Kenneth P. Silverman, Esq.,<br> the Chapter 7 Trustee<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>(516) 479-6300<br>Justin S. Krell<br>Nicholas J. Bebirian<br>Deborah Turofsky | Hearing Date: June 2, 2022<br>Time: 10:00 am<br><br>Objections Due: May 19, 2022<br>Time: 4:00pm |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>LIBERTY BRIDGE CAPITAL MANAGEMENT GP LLC, *et al.,*<br><br>                    Debtors. | Chapter 7<br><br>Case No.: 20-10009 (SCC)<br><br>(Substantively Consolidated) |

-----------------------------------------------------------------x

| | |
|---|---|
| KENNETH P. SILVERMAN, ESQ., CHAPTER 7 TRUSTEE OF LIBERTY BRIDGE CAPITAL MANAGEMENT GP, LLC, *et al*,<br><br>                    Plaintiff,<br><br>        -against-<br><br>PLAINTIFF HOLDING V, LLC A/K/A LAWCASH "JOHN DOES 1-50", "MARY DOES 1-50", "ABC PARNTERSHIPS 1-50 AND/OR "XYZ CORPORATIONS 1-50"<br>(the last four names being names unknown to Plaintiff, the parties intended to be any other parties who are transferors, transferees or beneficiaries of any of the conveyed assets described in the complaint, and who gave no, or less than fair, consideration for such assets),<br><br>                    Defendants. | Adv. Pro. No. 21−01228 (SCC) |

-----------------------------------------------------------------x

**DECLARATION OF
JUSTIN S. KRELL IN SUPPORT OF
MOTION FOR AN ORDER UNDER FEDERAL RULE OF
BANKRUPTCY PROCEDURE 7055 (I) GRANTING PLAINTIFF'S
MOTION FOR DEFAULT AND (II) DIRECTING THE CLERK OF THE
<u>COURT TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANT LAWCASH</u>**

4

Justin S. Krell, an attorney admitted to practice before the courts of this State and this Federal judicial district declares, pursuant to 28 U.S.C. §1746 that:

1. I am a member of the firm SilvermanAcampora LLP ("SilvermanAcampora"), counsel to Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") of the substantively consolidated bankruptcy estates of Liberty Bridge Capital Management GP, LLC, et al (the "Debtors") and the plaintiff ("Plaintiff") in the above-captioned adversary proceeding (the "Adversary Proceeding"). Based upon my review of the Trustee's records, and my personal knowledge, I am familiar with the facts set forth herein.

2. This declaration is submitted in support of the Plaintiff's motion (this "Motion") seeking: (i) an order pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") granting Plaintiff's motion for default judgment; and (ii) entry of a judgment under Bankruptcy Rule 7055 against defendant Plaintiff Holding V, LLC a/k/a LawCash ("LawCash") for LawCash's failure to answer or otherwise respond to Plaintiff's complaint. A copy of the proposed order is attached hereto as **Exhibit 1** (the "Proposed Order").

3. For the reasons set forth below, entry of a default judgment in Plaintiff's favor under Bankruptcy Rule 7055 is appropriate. A copy of a proposed default judgment is attached hereto as **Exhibit 2**.

### NATURE OF THE ADVERSARY PROCEEDING

4. On December 21, 2021, the Adversary Proceeding was commenced pursuant to §§105, 502, 544, 548, 550 and 551 of title 11 of the United States Code (the "Bankruptcy Code"), New York Debtor and Creditor Law ("NYDCL") §§273, 274 and 275, and New York common law to set aside and recover transfers made by the Debtors to or for the benefit of LawCash (the

"Transfers"). A copy of the complaint is attached hereto as **Exhibit 3**.

5. On December 22, 2021, the Clerk of this Court issued a Summons with Notice of Pre-Trial Conference in an Adversary Proceeding (the "Summons") [ECF Docket No. 2]. A copy of the Summons is attached hereto as **Exhibit 4**.

6. On January 13, 2022, a request for a Second Summons was filed because the Summons sent to LawCash was returned as undeliverable.

7. On January 14, 2021, the Clerk of this Court issued a Second Summons with Notice of Pre-Trial Conference in an Adversary Proceeding (the "Second Summons") [ECF Docket No. 3]. A copy of the Second Summons is attached hereto as **Exhibit 5**.

8. On January 19, 2022, the Complaint and the Second Summons were timely served upon LawCash in accordance with Bankruptcy Rules 7004(b)(1) and 7004(e), and Plaintiff electronically filed an affidavit of service evidencing such timely service (the "Affidavit of Service") [ECF Docket No. 4]. A copy of the Affidavit of Service is annexed hereto as **Exhibit 6**.

9. As reflected on the Affidavit of Service, LawCash was served by First Class Mail at their address of record.

10. On February 1, 2022, the Court granted the Trustee's Motion for Entry of an Order Establishing Procedures Governing Adversary Proceedings which extended the deadline for Defendant to answer the Complaint up to and including March 7, 2022 (the "Procedures Order").

11. On February 7, 2022, a Notice of Settlement of the Procedures Order (the "Notice") was filed in this Adversary Proceeding [ECF Docket No. 5]. A copy of the Notice with the Procedures Order is annexed hereto as **Exhibit 7.**

12. On February 7, 2022, the Notice and Procedures Order were served on LawCash as

evidenced by the Affidavit of Service filed on February 8, 2022 [ECF Doc. No. 6]. A copy of the Affidavit of Service of the Notice and Procedures Order is annexed hereto as **Exhibit 8**.

13. LawCash failed to submit a timely written answer to the Complaint by March 7, 2022.

14. On April 7, 2022, Plaintiff filed a request for clerk's entry of default (the "Request for Clerk's Entry of Default") against LawCash [ECF Docket No. 7]. A copy of the Request for Clerk's Entry of Default is annexed hereto as **Exhibit 9**.

15. On April 12, 2022, the Clerk entered default against LawCash (the "Clerk's Entry of Default") [ECF Docket No. 8]. A copy of the Clerk's Entry of Default is annexed hereto as **Exhibit 10**.

## DEFENDANT'S DEFAULT

16. Pursuant to the Procedures Order, LawCash was required to file and serve a responsive pleading on or before March 7, 2022.

17. LawCash failed to file an answer.

18. LawCash's time to answer, move, or otherwise respond to the Complaint has expired and LawCash has not appeared, answered, or otherwise moved with respect to the Complaint. Similarly, LawCash neither sought an additional extension of its time to answer the Complaint nor has such extension been granted by Plaintiff. Accordingly, Plaintiff is entitled to the entry of a default judgment against LawCash.

## BASIS FOR RELIEF

19. A court may enter a default judgment against a party when that party has failed to plead or otherwise defend its side of the case. That principle is governed by Rule 55 of the Federal Rules of Civil Procedure ("FRCP"), made applicable here by Bankruptcy Rule 7055. FRCP Rule

55 states, in pertinent part:

> (a) *Entering a Default.* When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) *Entering a Default Judgment.*
>
> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiff's request, with an affidavit showing the amount due-must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals-preserving any federal statutory right to a jury trial-when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

20. A default occurs if the defendant does not respond to the complaint within thirty (30) days after the issuance of the summons. *See* Bankruptcy Rule 7012(a). *See also In re Macias*, 324 B.R. 181 (Bankr. E.D.N.Y. 2004).

21. In determining whether a default judgment is appropriate, "the court must accept as true all of the factual allegations of the complaint, except those relating to damages." *Id.* at 186, *citing*, *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

22. The purpose of the default procedure is to maintain the efficacy and order of the

judicial process. "When a defendant in an adversary proceeding defaults the Court may, upon proper motion, take each of the plaintiff's allegations as true and grant default judgment." *See Toothman v. Miller*, 145 B.R. 845, 846 (Bankr. E.D. Va. 1991).

23. Entry of default judgment is warranted in this case because despite being served with the Third Summons and the Complaint as well as the Procedures Order, LawCash failed to file an answer or other responsive pleading to the Complaint.

24. LawCash is not an infant or incompetent. Moreover, upon information and belief, LawCash is not presently in the military service of the United States. [*See* **Exhibit 8**.]

25. No prior application for the relief requested herein has been made to this or any other Court.

## CONCLUSION

26. It is respectfully requested that this Court: (i) enter an order [Exhibit 1] under Bankruptcy Rule 7055 granting this Motion; (ii) direct entry of a judgment [Exhibit 2] against LawCash (a) for relief avoiding the Transfers pursuant to NYDCL §273 and pursuant to Bankruptcy Code §§550(a) and 551 in the amount of $47,504.36, together with appropriate accretion thereon; (b) for relief avoiding the Transfers pursuant to NYDCL §274 and pursuant to Bankruptcy Code §§550(a) and 551 in the amount of $47,504.36, together with appropriate accretion thereon; (c) for relief avoiding the Transfers pursuant to NYDCL §275 and pursuant to Bankruptcy Code §§550(a) and 551 in the amount of $47,504.36, together with appropriate accretion thereon; (d) for relief avoiding the Transfers pursuant to Bankruptcy Code §548(a)(1)(B) and pursuant to Bankruptcy Code §§550(a) and 551 in the amount of $47,504.36, together with appropriate accretion thereon; (e) for relief pursuant to Bankruptcy Code §502(d) disallowing any claim filed by Defendant; and (f) for relief for unjust enrichment under New York common law in

the amount of $47,504.36 together with appropriate accretion thereon. (iii) grant any such other and further relief as this Court deems just and proper.

    I declare under penalty of perjury that the foregoing is true and correct.
Executed on this 4th day of May, 2022.

                                            *s/ Justin S. Krell*
                                            Justin S. Krell

2798941v1 / 010001.756 / DTUROFSKY